# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BRANDON AUBRET, ) | |
| ) | CIVIL ACTION NO. 9:08-1936-RBH-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| LARRY W. POWERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights while he was detained at the Spartanburg County Detention Center.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on October 20, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 21, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion may be granted, thereby ending his case. After receiving an extension of time to respond, Plaintiff filed a "Motion" in opposition to the Defendant's motion for summary judgment on January 12, 2009.

The Defendant's motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As
(continued...)

1



**Background and Evidence**

Plaintiff alleges in his Verified Complaint[2], in toto, as follows:

I'm held in a 8 x 12 cell with 3 other inmates, the cell has improper ventilation to handle 4 inmates. The exhaust vents and return vents do not work properly because when one of us have to defecate the odor is over whelming and the other's have to breathe these gases.

I'm a non-smoker but Im housed in a cell with inmates who smoke inside the cell. The second hand smoke has started causing respiratory problems, I've made numerous request to be housed with other inmates who who are non-smokers so I won't have to deal with second hand smoke. All my request and grievances have not been answered or returned.

Plaintiff seeks monetary damages, along with certain declaratory and/or injunctive relief. See generally Verified Complaint.

In support of summary judgment in the case, the Defendant has submitted an affidavit wherein he attests that he is the Director of the Spartanburg County Detention Center, and as such is responsible for the jail's overall operation and management. Powers attests that the detention center is a pre-trial detainment facility, and that on March 3, 2008, Plaintiff was detained at the facility on charges of trafficking cocaine and possession of cocaine, along with other offenses. Powers attests that smoking is prohibited in the inside common areas and inside the individual cells at the detention center's main facility. Powers also attests that, because of health concerns and the cleanliness of the facility, he instructs his officers to strictly enforce this prohibition, and that inmates

---

[1](...continued)
this is dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



caught smoking inside the facility loose their smoking privileges. See also Exhibit A to Powers' Affidavit [Smoking Policy]. Powers attests that inmates and staff can smoke in designated outside common areas of the institution, and that in one annex (Annex 2), located at a different location than the main facility, inmates are allowed to smoke inside designated smoking booths exhausted to the outside. Powers further attests that, from both a review of the records of the detention facility as well as from his own personal recollection, he has never received a grievance from the Plaintiff regarding second hand smoke at the detention center, nor did he ever receive a request for a transfer to another cell from the Plaintiff.

Powers also attests that he periodically (at least once a quarter or more often if needed) contracts with AAA Environmental to test the detention center for staph and other infectious bodies; to collect air samples for humidity levels, smoke/nicotine levels, and air flow; to monitor temperature; and/or to test exhaust equipment as needed. Powers attests that AAA Environmental tested the Plaintiff's housing area (Pod 3) for nicotine as an indicator of the level of tobacco smoke on May 5, 2008 (Plaintiff's complaint is dated May 7, 2008), and that based on the nicotine sampling results, no nicotine was detected in the vicinity of Plaintiff's cell or common housing area. See also Exhibit B to Powers Affidavit [Indoor Air Quality Evaluation from Testing conducted May 5, 2008]. Powers further attests that he has reviewed this matter with the medical staff at the detention center, and that at no time did Plaintiff complain to them about other inmates smoking or any other resulting medical problems caused by his alleged exposure to second hand smoke. See also Exhibit C to Powers Affidavit [Plaintiff's Medical Records].

Powers attests that, due to the numerous amount of inmates the detention center houses, those inmates in the general population (Pod 3) are celled in multiples, but that because the detention center is only a pre-trial detainment center, this situation is usually temporary.

3



Additionally, those in the general population are also given the most freedom and extensive access to the day room, with an inmate housed in the general population normally being allowed approximately six to seven hours per day in the day room. As for Plaintiff's complaints regarding improper ventilation at the detention center, Powers attests that an indoor air evaluation was performed by AAA Environmental on May 13, 2008, and the facility where Plaintiff was housed was found to be within all of the suggested guidelines for carbon dioxide and air quality. See also Exhibit D to Powers Affidavit [Indoor Air Quality Evaluation from May 13, 2008]. See generally Powers' Affidavit, with attached Exhibits.

Plaintiff did not submit any affidavits or other evidentiary exhibits as attachments to either his verified complaint or his response in opposition to the Defendant's motion for summary judgment.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where

4



none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Plaintiff's claims are without merit, and that the Defendant is therefore entitled to summary judgment in this case.

First, since Plaintiff has now been transferred to the custody of the South Carolina Department of Corrections and is no longer a resident of the Spartanburg County Detention Center, his request for declaratory and/or injunctive relief as set forth in his Complaint is now moot. See Williams v. Griffin, 952 F.2d at 823 ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; Taylor v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. Plaintiff's damages claims survive his transfer to another institution. Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). However, for the reasons set forth herein below, Plaintiff's claims for damages are also subject to dismissal.

While Plaintiff's claim concerning smoking presents a cause of action under 42 U.S.C. § 1983; see Helling v. McKinney, 509 U.S. 25 (1993); in order to proceed with this claim the Plaintiff must produce evidence to show that the Defendant has, with deliberate indifference, exposed him to levels of environmental tobacco smoke (ETS) that pose an unreasonable risk of serious damage to his future health. Helling, 509 U.S. at 35. This standard requires Plaintiff to present evidence sufficient to show that he was exposed to unreasonably high levels of ETS and that the risk Plaintiff complains of was so grave that it violates contemporary standards of decency (objective element), as well as that the Defendant was deliberately indifferent to the exposure of the Plaintiff to such a hazard (subjective element). Helling, 509 U.S. at 35-37; Mills v. Clark, No. 99-6334, 2000 WL 1250781 (4th Cir. Sept. 5, 2000); Pryor-El v. Kelly, 892 F.Supp. 261, 266-267 (D.D.C. 1995).

5



Plaintiff has failed to submit evidence sufficient to give rise to a genuine issue of fact under this standard.

Specifically, Plaintiff has submitted no evidence to support the general and conclusory statement in his complaint that smoking was being allowed in his cell, such as affidavits from other inmates that this activity was being allowed or environmental reports showing smoke and nicotine particulates in the air inside Pod 3. In contrast, the Defendant has provided not just his own sworn statement that smoking is not allowed in individual cells, but he has also provided an environmental report stating that there was no detectable nicotine found in Pod 3. Further, Plaintiff's medical records fail to reflect any complaint by the Plaintiff concerning smoking in his cell. See Silvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995)[Explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range of probability" and that "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary"(internal quotation marks omitted)]; Cf. Stewart v. Prince George's County, Md., 75 Fed. Appx. 198 (4th Cir. Sept. 23, 2003)[Granting summary judgment for Defendant where Plaintiff's assertions were directly contradicted by probative evidence from the Defendants].

Further, even assuming for purposes of summary judgment that Plaintiff's cell mates *were* smoking, he has failed to present evidence sufficient to create a genuine issue of fact as to whether he was exposed to levels of ETS that imposed an unreasonable risk of serious damage to his future health (objective element). Assuming Plaintiff's claim to be true, no evidence has been presented to show how much smoking was going on, how long Plaintiff was required to remain in the cell during this activity (particularly in light of Defendant's evidence concerning the availability

6



of the day room to inmates), or that there was any nicotine levels of any significance anywhere in Pod 3 (as stated in the environmental reports submitted as evidence by the Defendant). Certainly, Plaintiff's mere lay opinion and allegation that he was exposed to unreasonably high levels of ETS is not sufficient to avoid summary judgment on this claim. Henderson v. Sheahan, 196 F.3d 839, 852 (7th Cir. 1999) [Upholding summary judgment where plaintiff failed "to proffer competent and reliable expert medical testimony that there was a reasonable medical certainty that he himself faces some defined level of increased risk of developing a serious medical condition and that his increased risk was proximately caused by his exposure to second-hand smoke while detained at the [ ] jail."], cert. denied, 530 U.S. 1244 (2000). Cf. See Papasan v. Allain, 478 U.S. 265, 286 (1986)[Courts need not assume the truth of legal conclusions couched as factual allegations.]; Bender v. Suburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"].

Plaintiff has also failed to present sufficient evidence to meet the subjective element of the Helling test; i.e., that the Defendant was deliberately indifferent to his exposure to unreasonably high levels of ETS. The Defendant has not only submitted an affidavit attesting to the anti-smoking policy he enforces at the detention center, he has also submitted a copy of the policy itself showing that smoking is prohibited in individual cells, as well as an environmental report on which he relied to confirm the effectiveness of his policy. Nor has Plaintiff presented any evidence to counter the Defendant's sworn statement that he failed to receive any complaint from the Plaintiff concerning this issue. The Court cannot find a genuine issue of fact exists as to whether the Defendant was deliberately indifferent to Plaintiff's complaints when there is no evidence to show that he had cause to believe the Plaintiff was being subjected to unreasonably high levels of ETS.



See Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"](quoting Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ["only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"]. In any event, there is also no evidence to show that Plaintiff's exposure to ETS for such a short period of time would constitute anything other than a de minimis injury, assuming evidence of injury has been presented at all. De minimis injuries fail to provide support for a constitutional claim. See Gill v. Pidlypchak, 389 F.3d 379, 380 (2nd Cir. 2004)[Affirming finding that Plaintiff's second-hand smoke claim alleged only a de minimis injury]; Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)[Without proof of more than de minimis physical injury, Plaintiff cannot maintain his claim]; Norman v. Taylor, 25 F.3d at 1263 [absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment claim if his injury is de minimis]; Thaddeus-X v. Wozniak, No. 99-1720, 2000 WL 712383 at **3 (6th Cir. May 23, 2000)[Plaintiff must show he suffered more than de minimis injury]; Hankins v. Bethea, No. 05-3334, 2007 WL 172509 at * 7 (D.S.C. Jan. 18, 2007).

Finally, Plaintiff's claim concerning poor ventilation in his cell fails for the same reason as his ETS claim, a lack of any evidence to support his claim of a constitutional violation. The Defendant has submitted an environmental report showing that the air inside Pod 3 fell within all of the suggested guidelines for carbon dioxide and air quality. Plaintiff has failed to submit any evidence to counter this report, and therefore there is no basis on which to find a genuine issue of fact exists with respect to a constitutional violation due to poor ventilation and air quality inside the jail. Lopez v. Robinson, 914 F.2d 486, 490-491 (4th Cir. 1990) [Plaintiff's allegations that the ventilation



system at the prison was deficient, defective, and otherwise incapable of providing adequate airflow within the individual cells did not give rise to a cognizable Eighth Amendment claim where the court found that the allegations were conclusory and there was no specific evidence of any unnecessary and wanton infliction of pain resulting in serious medical and emotional harm to the plaintiffs]; Ford v. Mercer County Correctional Center, 171 Fed.Appx. 416, 421 (3rd Cir. 2006)[no constitutional violation based on plaintiff's complaints regarding air quality where, although plaintiff submitted affidavits, plaintiff did not submit type of evidence upon which a jury could reasonably return a verdict in his favor.]; Flaherty v. Cunningham, No. 93-216, 1994 WL 485751 at * 1 D.N.H.. Sept. 2, 1994)[Dismissing claim of poor air quality where inmates did not produce evidence of a sufficiently extreme deprivation].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 24, 2009

Charleston, South Carolina

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

